**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 9 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICARDO OLGUIN-RODRIGUEZ,
aka Riki Olgin; aka Eduardo Zoleto,

Defendant - Appellant.

No. 97-4010
(D. Ct. No. 96-CR-19)
(D. Utah)

———————

**ORDER AND JUDGMENT**[*]

———————

Before TACHA, BALDOCK, and LUCERO, Circuit Judges.

———————

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

This appeal is from an order of the district court sentencing defendant Olguin-Rodriguez to a sentence within the appropriate range of the United States

———————

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Sentencing Guidelines. Appellant was sentenced to a prison term of 46 months followed by a term of three years of supervised release and a fifty dollar victim assessment fee. On appeal defendant argues that the district court erred in failing to consider mitigating circumstances that would have entitled him to a downward departure from the United States Sentencing Guidelines. We disagree.

The record and transcript in this case make clear that the district court considered specifically the arguments that were made by defendants regarding the family emergency and other mitigating circumstances that defendant argues warranted a downward departure. The district court held a hearing on the arguments relating to the mitigating circumstances and held that this was not a proper case for a downward departure. Indeed, in the recitation by the district court, the judge makes clear that he knew that he could exercise his discretion and felt that this was not an appropriate case. Because the sentence imposed was within the guideline range and the district court clearly determined that downward departure was not warranted, this court lacks jurisdiction to review the sentence. We AFFIRM the order or the district court and DISMISS the appeal.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Circuit Judge